ROBERT A. COLE *v.* WILLIAM DUGGER.

1. ATTACHMENT: AMENDMENT OF SHERIFF'S RETURN AFTER EXPIRATION
   OF TERM OF OFFICE.—A sheriff, after his term of office has expired, can-
   not be permitted to amend his return upon an attachment or other return-
   able process.

ERROR to the Circuit Court of Panola county. Hon. Alex.
M. Clayton, judge.

*Miller* and *Miller,* for plaintiff in error, cited Rev. Code, 374,
art. 7; 489, art. 63–4; *Merritt* v. *White,* 37 Miss. 438; Drake
on Attachment, §§ 211 to 219.

*Harrison* and *Taylor* for defendant in error.

HARRIS, J., delivered the opinion of the court.

The only question necessary to be determined in this case, as
now presented, is raised by the first assignment of errors : Can
the return of a sheriff, upon an attachment, be amended by him
after the return term, and after he has gone out of office?

*Official* returns upon *returnable* process are made evidence, be-
cause it is the official act of an officer under oath, acting by
the direction and requirement of the law.

Faith is given to these official returns on account of the *ex-
isting* duty and obligation of the officer who makes them to
state the truth. The law makes them certifying officers of
their legal acts and doings on returnable process, by requiring
them to *return,* and holding them responsible for the truth of
their returns. See Phil. Ev., Cowan and Hill's and Edwards'
notes, 2d vol. pp. 367–8, and 376, and authorities cited.

Hence, where the term of the officer has expired, and he is
no longer under the duty and obligation imposed by law, his
certificate or return can be of no greater validity or legal obli-
gation than the returns or certificates of other citizens.

It is said that the return cannot even be amended by order of court by the officer making the return, and during the continuance of his term, so as to affect the rights of persons not parties to the suit acquired before amendment.    2d Phil. Ev., Cowan and Hill's and Edwards' notes, p. 376; and *Emmerson* v. *Upton,* 9 Pick. R. 167; *Freeman* v. *Paul,* 3 Greenleaf's R. 260; *Putnam* v. *Hall,* 3 Pick. 445; *Means* v. *Osgood,* 7 Greenleaf, 146, are cited to this point.    We do not deem it necessary to express an opinion on this point, as we do not think it is properly presented in this record, though attempted to be raised by the second assignment of errors.

For the error in permitting a sheriff, *after his term of office had expired,* to amend his return on returnable process, this judgment will be reversed and cause remanded for further proceedings.